UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L<small>ESLIE</small> S<small>CHAFER</small>,

           Plaintiff,

v.

S<small>TATE</small> F<small>ARM</small> M<small>UTUAL</small> A<small>UTOMOBILE</small>
I<small>NSURANCE</small> C<small>O</small>., E<small>T</small> A<small>L</small>.,

           Defendants.
_____/

Case No. 08-13842

H<small>ONORABLE</small> A<small>RTHUR</small> J. T<small>ARNOW</small>
S<small>ENIOR</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small>

H<small>ONORABLE</small> R. S<small>TEVEN</small> W<small>HALEN</small>
U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>

**ORDER ADOPTING WITH CLARIFICATION THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [79], DENYING IN PART AND GRANTING IN PART DEFENDANT WOLVERINE'S MOTION FOR SUMMARY JUDGMENT AGAINST STATE FARM [52], DENYING IN PART AND GRANTING IN PART DEFENDANT WOLVERINE'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF [53], AND GRANTING DEFENDANT BASIC COBRA'S MOTION FOR SUMMARY JUDGMENT [75]**

Before the Court is Magistrate Judge Whalen's March 3, 2011 Report and Recommendation ("R&R") [79] recommending that Defendant Wolverine's Motion for Summary Judgment against State Farm [52] be denied in part and granted in part, that Defendant Wolverine's Motion for Summary Judgment against Plaintiff [53] be denied in part and granted in part, and that Defendant Basic Cobra's Motion for Summary Judgment [75] be granted. On March 16, 2011, State Farm filed an Objection [81]. On March 17, 2011, Wolverine filed an Objection [82].

**I. Standard of Review**

This Court reviews objections to a Magistrate Judge's Report and Recommendation *de novo*. *See* 28 U.S.C. §636(b)(1)(C).

**II. Analysis**

1

**A. State Farm's Objections**

The R&R recommends that the Court grant Basic Cobra's Motion against State Farm. It notes Plaintiff has already dismissed her claims against Basic and goes on to conclude, "The only claim remaining against Basic Cobra is State-Farm's counter-claim, which is premised on it being subrogated to Plaintiff's rights and remedies. Having dismissed, Plaintiff has no rights and remedies against Basic Cobra." *See* R&R at 10.

State Farm does not object to this recommendation. The Court has conducted a review of the record in this case and agrees with this recommendation in the R&R.

Moreover, as to the objections State Farm does raise– State Farm argues, as it did in filing its opposition [72] to Basic's Motion for Leave to file Motion for Summary Judgment, that Basic's motion is untimely and that discovery is not complete. However, Magistrate Judge Whalen already held a hearing on the Motion for Leave and granted it. State Farm never filed an objection to that ruling and there is no basis for objecting to it now. However, even considering the objections raised, they do not alter the finding that State-Farm's cross-claims are premised on State Farm being subrogated to Plaintiff's rights and remedies and that Plaintiff has no rights and remedies against Basic Cobra because Basic has been dismissed. Additionally, State Farm argues in its Objection that Basic Cobra provided a letter to Plaintiff in December 2007 regarding coverage but Plaintiff could not have been relying on such a letter in October and November 2007 when she had her surgery.

Accordingly, State Farm's Objection lacks merit and is overruled.

**B. Wolverine's Objections**

The R&R recommends Wolverine's Motion for Summary Judgment against State Farm denied in part as to State Farm's cross-claim based on promissory estoppel through equitable

subrogation and granted in part as to the remainder of State Farm's claims.

As a preliminary matter, the Court notes that State Farm has not objected to this recommendation. The Court has conducted a review of the record in this case and agrees with this recommendation in the R&R.

Wolverine, however, has filed an Objection. Wolverine indicates it is applying the same objections to the R&R in regards to State Farm's cross-claim for promissory estoppel through equitable subrogation as it raised above in regard to Plaintiff's promissory estoppel claim. As noted above, this Court finds that those objections lack merit.

Wolverine also objects to the R&R to the extent that it finds that a valid claim of equitable subrogation has been asserted by State Farm. In regards to whether State Farm has set forth an equitable subrogation claim, the R&R concludes:

> Plaintiff's insurance contract with State Farm provided for coordinated benefits, whereby Plaintiff's health insurer, not State Farm, would be primarily liable within the limits of the health insurance policy. Thus, if Plaintifff's COBRA coverage had not lapsed at the time of her surgeries, COBRA, not State Farm would pay. In the event that State Farm is found liable on the underlying no-fault claim, it will arguably be required to pay the debt Plaintiff owes to Beaumont Hospital or whatever other medical providers have treated her. That being the case, State Farm would be equitably subrogated to the rights and remedies the Plaintiff has against Wolverine, specifically her claim of promissory estoppel.

*See* R&R at 9-10. The Court finds, after a *de novo* review of the record, that no argument Wolverine raises establishes that this ruling is erroneous. Accordingly, Wolverine's Objection lacks merit and is overruled.[1]

---

[1] Wolverine does note in its Objection that although the discussion of Wolverine's Motion for Summary Judgment in the R&R makes clear that the Magistrate Judge is recommending that Wolverine's Motion be denied in part as to State Farm's claim based on promissory estoppel through equitable subrogation and granted in part as to all other claims, the Conclusion section of the R&R indicates the opposite. It is clear to this Court that the statement in the Conclusion was entered in error. Accordingly, the Court clarifies that the recommendation

**III. Conclusion**

The Court has reviewed the record in this case, and being fully advised in the premises,

The Report and Recommendation of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court, with the clarification that consistent with the entirety of the Report and Recommendation, Wolverine's Motion for Summary Judgment against State Farm is denied in part as to State Farm's claim based on promissory estoppel through equitable subrogation and granted in part to all other claims.

Accordingly,

**IT IS ORDERED** that Defendant Basic Cobra's Motion for Summary Judgment [75] is **GRANTED**.

**IT IS ORDERED** that Defendant Wolverine's Motion for Summary Judgment against State Farm [52] is **DENIED IN PART** as to State Farm's claim based on promissory estoppel through equitable subrogation and **GRANTED IN PART** as to all other claims.

**IT IS FURTHER ORDERED** that Defendant Wolverine's Motion for Summary Judgment against Plaintiff [53] is **DENIED IN PART** as to Plaintiff's claim based on promissory estoppel and **GRANTED IN PART** as to all other claims.

S/ARTHUR J. TARNOW  
Arthur J. Tarnow  
Senior United States District Judge

Dated:  March 31, 2011

---

it is adopting is that Wolverine's Motion be denied in part as to State Farm's claim based on promissory estoppel through equitable subrogation and granted in part as to all other claims.

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2011, by electronic and/or ordinary mail.

>S/Michael Williams
>Relief Case Manager for the honorable
>Arthur J. Tarnow

**SO ORDERED.**